IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEON TRAVIS HURD, <br> TDCJ No. 696480, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:22-cv-634-M-BN |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Leon Travis Hurd, a Texas prisoner, is incarcerated for life after convictions in Dallas County for possession with intent to deliver cocaine and aggravated assault of a public servant. *See State v. Hurd*, F90-55037-SJ (Crim. Dist. Ct. No. 3, Dall. Cnty., Tex.) (possession with intent to deliver), *aff'd*, No. 05-94-02016-CR, 1996 WL 682479 (Tex. App. – Dallas Nov. 25, 1996, no pet.); *State v. Hurd*, F94-42662-J (Crim. Dist. Ct. No. 3, Dall. Cnty., Tex., no pet.) (possession with intent to deliver), *aff'd*, No. 05-94-02015-CR (Tex. App. – Dallas Jan. 31, 1997, no pet.); *State v. Hurd*, F94-03775-VJ (Crim. Dist. Ct. No. 3, Dall. Cnty., Tex.) (aggravated assault), *aff'd*, No. 05-94-02014-CR, 1996 WL 732402 (Tex. App. – Dallas Dec. 19, 1996, pet. ref'd).

It appears that Hurd previously challenged his conviction for aggravated assault under 28 U.S.C. § 2254. *See Hurd v. Johnson*, No. 3:00-cv-1413-X (N.D. Tex. Oct. 3, 2000) (dismissing application under Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rule 4) with prejudice as time barred).

Hurd now returns to federal court, filing a *pro se* Section 2254 habeas application liberally construed as collaterally attacking his conviction for aggravated assault and at least one of his convictions for possession with intent to deliver cocaine, through which he argues that his petition is timely based on what he contends is new law applicable to claims under the Sixth Amendment. *See* Dkt. No. 3.

Chief Judge Barbara M. G. Lynn referred Hurd's recent application to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the application for the reasons and to the extent explained below.

First, the Court lacks jurisdiction to consider Hurd's application insofar as he again challenges his conviction for aggravated assault under Section 2254.

"A state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction. But he may not usually make a 'second or successive habeas corpus application.'" *Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (quoting 28 U.S.C. § 2244(b)). As such, Section 2244

> lays out the requirements for filing successive petitions, serving as gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second.
> ...
> Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's

> sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

Hurd has already exercised his "one fair opportunity to seek federal habeas relief from [his aggravated assault] conviction." *Banister*, 140 S. Ct. at 1702. And his current claims allege defects in that conviction that "existed ... at the time of the [first federal] petition ... even if the legal basis for the [current] attack was not" known to Hurd when he filed an initial Section 2254 application. *Leal Garcia*, 573 F.3d at 222; *see, e.g.*, *Ramos v. Davis*, 653 F. App'x 359, 364 (5th Cir. 2016) (per curiam) ("Where a petitioner seeks 'to add a new ground for relief' that was or could have been raised in an earlier federal habeas application" – including a claim of actual innocence – a court "must treat it as a second or successive habeas petition." (quoting *Williams v. Thaler*, 602 F.3d 291, 305 (5th Cir. 2010) (citing, in turn, *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005))))._[1]

---

[1] *See also In re Will*, 970 F.3d 536, 540 (5th Cir. 2020) (per curiam) ("So even though Will did not know of the State's alleged *Brady* violation at the time he filed his first habeas petition, it is still subject to AEDPA's statutory requirements for filing a successive petition." (citation omitted)); *Leal Garcia*, 573 F.3d at 221 ("[P]etitioners filing later habeas petitions [may not] assert that, because the evidence was not previously discovered or discoverable, the claim was unavailable; therefore, the later petition is non-successive. … AEDPA forbids such a reading: Section 2244(b)(2)(B)(i) states that claims based on a *factual* predicate not previously discoverable are successive."); *Blackman v. Stephens*, No. 3:13-cv-2073-P-BN, 2015 WL 694953, at *6 (N.D. Tex. Feb. 18, 2015) ("Petitioner's claims raised in her third federal habeas application attack purported defects that existed or claims

The current habeas petition is therefore successive insofar as Hurd challenges his conviction for aggravated assault. And his failure to first obtain authorization from the United States Court of Appeals for the Fifth Circuit under 28 U.S.C. § 2244(b)(3) deprives the district court of jurisdiction to consider a habeas challenge to that conviction. *See, e.g.*, *Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)).

Next, to the extent that Hurd's federal-habeas challenge to his convictions for possession with intent to deliver cocaine are not successive, that challenge is time barred. And, while "the statute of limitations provision of the AEDPA is an affirmative defense rather than jurisdictional," a district court may dismiss a time barred Section 2254 application *sua sponte* under Habeas Rule 4. *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999).

"'[B]efore acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006); alteration to original). Under the circumstances here, these findings, conclusions, and

---

that were ripe at the time of the prior applications even though Petitioner claims that the evidence to support and identify those claims was not previously discovered or discoverable." (citing *Leal Garcia*, 573 F.3d at 221-22)).

recommendation provide Hurd fair notice, and the opportunity to file objections to them (further explained below) affords him a chance to present to the Court his position as to the limitations concerns explained below. *See, e.g.*, *Ingram v. Dir., TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly filed application for state post-conviction or

other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Taking the second prong first, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam) (citation omitted). This "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 577 U.S. at 257.[2]

---

[2] *See, e.g.*, *Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's

But "'[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

And a showing of "actual innocence" can also overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the petitioner's new, reliable evidence must be enough to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329).[3]

---

mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citation omitted)).

[3] *See also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.' *Schlup*, 513 U.S. at 324, 327. When considering a gateway claim of actual innocence, the district court must consider all of the evidence, 'old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial.' *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks and citations

Here, Hurd argues that his Section 2254 claims are timely because they are "based on a colorable claim of (new legal basis) (retro-active) (autonomy rights) regarding 'assessing prejudice' in waived proceedings, never had." Dkt. No. 3 at 13-14. Hurd supports this argument – liberally construed as urging the Court to apply Section 2244(d)(1)(C) – by citing decisions from the Texas Court of Criminal Appeals (the CCA) handed down in 2018 and 2020, decisions that he claims altered the framework established by *Strickland v. Washington*, 466 U.S. 668 (1984), and thus changed how courts should consider claims of ineffective assistance of counsel made under the Sixth Amendment, *see* Dkt. No. 3 at 14.

To grant relief under AEDPA, a federal court must "determine [that] the state court's determination was contrary to or an unreasonable application of clearly established federal law as determined by the [United States] Supreme Court <u>at the time that [a petitioner's] conviction became final</u>." *Nelson v. Quarterman*, 472 F.3d 287, 293 (5th Cir. 2006) (en banc) (citation omitted and emphasis added). And, where "a new rule of constitutional criminal procedure has been announced, it is generally unavailable retroactively to collateral cases in which judgment has become final" – such as those brought by a state prisoner under Section 2254 – "unless it falls within an exception to the general rule," *Peterson v. Cain*, 302 F.3d 508, 511 (5th Cir. 2002) (citing *Teague v. Lane*, 489 U.S. 288, 310 (1989)), "or the [United States] Supreme

---

omitted). 'Based on this total record, the court must make "a probabilistic determination about what reasonable, properly instructed jurors would do."' *Id.* (quoting *Schlup*, 513 U.S. at 329). 'The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors.' *Id.*" (citations modified)).

Court explicitly makes it retroactive," *id.*

"The AEDPA effectively codified *Teague* such that federal *habeas* courts must deny relief that is contingent upon a rule of law not clearly established at the time the state conviction becomes final." *Id.* (citing *Williams v. Taylor*, 529 U.S. 362, 380-81 (2000)). But "[t]he AEDPA-modified federal *habeas* law does," under Section 2244(d)(1)(C), "provide a one-year period of limitation for a criminal defendant to apply for *habeas* relief under a new rule of law that has been made retroactive." *Peterson*, 302 F.3d at 511.

Even so, Hurd has not shown, through his citation to decisions of the CCA, that this provision of AEDPA's statute of limitations applies to his habeas petition. As reflected by the text of Section 2244(d)(1)(C) – and by the text of its companion statute applicable to federal convictions, 28 U.S.C. § 2255(f)(3) – the United States Supreme Court – and no other court – must recognize the right that renders the collateral attack timely. *See, e.g., United States v. Brown*, 868 F.3d 297, 304 (4th Cir. 2017) ("We are constrained from reading between the lines of *Booker*, *Johnson*, and *Beckles* to create a right that the Supreme Court has yet to recognize. We are compelled to affirm because only the Supreme Court can recognize the right which would render Petitioner's motion timely under § 2255(f)(3).").

So, to find his claims timely, Hurd effectively requests that a federal district court "announce and apply a new constitutional rule of criminal procedure, which [the Court is] prohibited from doing on federal habeas review." *Rivas v. Thaler*, 432 F. App'x 395, 403 (5th Cir. 2011) (per curiam) (citing *Teague*, 489 U.S. at 310-13;

*Peterson*, 302 F.3d at 511).

His Section 2254 challenge to the convictions for possession with intent to distribute to cocaine must therefore be dismissed as untimely absent tolling of the limitations period or establishment of actual innocence.

But Hurd has neither shown how another provision of Section 2244(d)(1) could apply here, nor advanced a claim of tolling under the narrow actual innocence gateway, nor established either prong of equitable tolling – that he pursued his rights diligently and that an extraordinary circumstance beyond his control prevented the timely filing of the federal habeas petition.

Accordingly, any request for federal habeas relief over which the Court does have jurisdiction should be dismissed with prejudice as time barred.

And, while the Court could cure the want of jurisdiction over Hurd's successive claims by transferring this application to the Fifth Circuit for appropriate action, *see* 28 U.S.C. § 1631, given the confusing filing that Hurd presented to this Court – as reflected by the analysis above – "a dismissal [of the successive challenge] without prejudice appears more efficient and better serves the interests of justice than a transfer in this instance." *United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003).

**Recommendation and Directions to Clerk**

The Court should dismiss Petitioner Leon Travis Hurd's application for a writ of habeas corpus under 28 U.S.C. § 2254 without prejudice to his right to file a motion for authorization to file a successive application in the United States Court of Appeals

for the Fifth Circuit as to his state conviction for aggravated assault and with prejudice, as time barred, as to his state convictions for possession with intent to distribute cocaine. And the Court should direct that the Clerk of Court serve any order accepting or adopting this recommendation on the Texas Attorney General.

The Clerk shall serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent, directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 30, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE